FILED
SUPERIOR COURT
OF GUAM

2024 AUG 12 PM 1: 09

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TYRON LAMARR HODGES,<br><br>Plaintiff,<br><br>vs.<br><br>DHAYANARA GISSELLE HODGES,<br><br>Defendant. | DOMESTIC CASE NO. DM0200-18<br><br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion to Transfer Jurisdiction* |

This matter came before the Honorable Arthur R. Barcinas on April 24, 2024, upon Defendant Dhayanara Gisselle Hodges' ("Defendant") Motion to Transfer Jurisdiction from Guam to California. Defendant and Plaintiff Tyron Lamarr Hodges ("Plaintiff") were divorced in Guam on May 4, 2018. Before the divorce, the parties originally resided in California with their two children, J.T.H. (DOB 08/12/2005), and G.E.H. (DOB: 05/27/2015). In October 2014, Plaintiff traveled with J.T.H. to Guam, where Plaintiff was to be stationed for work. Defendant refused to travel to Guam with Plaintiff, and neither Defendant nor G.E.H. has ever traveled to Guam. In the Interlocutory and Final Judgments of Divorce issued on May 4, 2018, the Hon. Benjamin C. Sison, Jr. held that the Marital Settlement Agreement ("Agreement") stipulated to by the parties would be made part of the judgment. The Agreement included provisions stating that the parties were to share joint physical and legal custody of the children. On September 16, 2020, Defendant filed an *Ex Parte* Motion for Emergency Child Custody, stating that J.T.H. had

informed her that he and Plaintiff were recently evicted and that J.T.H. had not eaten in two days. After hearing from both parties on September 17, 2020, Magistrate Judge Sison ordered that Defendant was to assume physical custody of J.T.H. and that J.T.H. was to return to California and reside with her.

Guam, like nearly all United States jurisdictions, has adopted the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). See 7 GCA, ch. 39 (statutory codification of the UCCJEA). The UCCJEA "attempts to foster uniformity among state laws governing jurisdiction over child custody determinations." *Koji v. Neves*, 2016 Guam 36 ¶ 32.

Under the UCCJEA, a Guam court generally has jurisdiction to make an initial child-custody determination if "Guam is the home State of the child on the date of the commencement of the proceeding, or was the home State of the child within six (6) months before the commencement of the proceeding and the child is absent from Guam but a parent or a person acting as a parent continues to live in Guam." 7 GCA § 39201(a)(1).

A child's "home state" is the state or territory in which a child lived with a parent or a person acting as a parent for at least six months immediately before the commencement of a child custody proceeding. 7 GCA § 39102. Because Plaintiff and J.T.H. lived on Guam for at least six months immediately before commencement of the divorce and accompanying child custody proceedings, the Court finds that, for the purposes of the UCCJEA, Guam was the home state of J.T.H.[1]

---

[1] However, because G.E.H. has never been to Guam, the Court finds that her home state was California at the commencement of the child-custody proceeding, and continues to be California. Under 7 GCA § 39201(a), a Guam court would only have jurisdiction to make an initial child-custody determination over G.E.H. if: (1) California were not G.E.H.'s home state; (2) if all California courts having jurisdiction over G.E.H. declined to exercise jurisdiction on the ground that Guam is the more appropriate forum, G.E.H. and at least one parent had a significant connection with Guam, and substantial evidence was available in Guam concerning G.E.H.'s care, protection, training, and personal relationships; or (3) no court of any other state would have jurisdiction over G.E.H. Nothing in the record indicates that any of those criteria were satisfied in regards to G.E.H. Thus, the Court finds that the initial child-custody determination was proper only in regards to J.T.H., and consequently, under 7 GCA § 39202, the courts of Guam only have exclusive, continuing jurisdiction over J.T.H.

The UCCJEA further maintains that:

(a)     Except as otherwise provided in section 39201, a court of Guam which has made a child-custody determination consistent with sections 39201 or 39203 has exclusive, continuing jurisdiction over the determination until:

   (1)     A court of Guam determines that neither the child, the child's parents, and any person acting as a parent do not have a significant connection with Guam and that substantial evidence is no longer available in Guam concerning the child's care, protection, training, and personal relationships; or

   (2)     A court of Guam or a court of another State determines that the child, the child's parents, and any person acting as a parent do not presently reside in Guam.

7 GCA § 39202 (emphasis added). Because the initial child-custody determination for J.T.H. was made consistent with 7 GCA § 39201, and because Defendant still resides in Guam and has a somewhat significant connection to the island, the Court may not relinquish exclusive, continuing jurisdiction over J.T.H. pursuant to 7 GCA § 39202(a). However, even though the Court retains continuing and exclusive jurisdiction, the Court may decline to exercise that jurisdiction pursuant to 7 GCA § 39207(a) if it determines that Guam is an inconvenient forum and that a court of another state is a more appropriate forum. In doing so, the court must consider whether it is appropriate for a court of another state to exercise jurisdiction, using the factors set forth in 7 GCA § 39207(b), including:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) The length of time the child has resided outside Guam;

(3) The distance between the court and the court in the state that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which state which assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

Further, because Defendant has specifically requested an inconvenient forum analysis pursuant to 39207(b), the Court is compelled to perform this analysis. "[T]he trial court may not disregard a party's specific request to perform an inconvenient forum analysis pursuant to [7 GCA § 39207]. Once the issue has been raised, the trial court must perform the 7 GCA § 39207 analysis." *Koji v. Neves,* 2016 Guam 36 ¶ 40. Upon review of Defendant's Motion and Plaintiff's Opposition, the Court finds that Defendant has sufficiently addressed each factor in her motion, specifically stating that:

(1) No domestic violence is alleged at this time;

(2) G.E.H. has never visited Guam, and J.T.H. has resided in California for more than three consecutive years and is now eighteen (18) years old;

(3) California is several thousand miles away from Guam;

(4) Defendant is gainfully employed, and Plaintiff's employment is unknown at this time;

(5) There was no agreement of the parties as to which state should assume jurisdiction, but the parties only agreed to Guam's jurisdiction to dissolve their marriage;

(6) Defendant and G.E.H. have never physically been to Guam and reside in California, and J.T.H. has resided in California continuously for more than three years;

(7) California is better suited to decide and domestic related issue in this matter more expeditiously since Defendant and both children reside there; and

(8) The Guam court is only familiar with the parties through their uncontested divorce on May 4, 2018, and the subsequent hearing in September 2020, allowing J.T.H to relocate to California after Plaintiff was determined to be homeless and incapable of providing suitable care for J.T.H.

Mot., at 5-6. Plaintiff has not addressed any of the factors, nor has he rebutted any of the factors asserted by Defendant. Thus, the Court accepts the above facts as true, and agrees that, pursuant to 7 GCA § 39207, the Court should decline to continue exercising jurisdiction over this case and relinquish jurisdiction to California.

Accordingly, the Court **GRANTS** Defendant's Motion to Transfer Jurisdiction from Guam to California, and declines jurisdiction on the grounds that Guam is an inconvenient forum.

**IT IS SO ORDERED** _____.

AUG 1 2 2024

_____

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**